J-S13034-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ADOPTION OF: A.F.-M.G., A MINOR | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: R.G., FATHER | : : : : : : : | |
| | : | No. 1357 WDA 2023 |

Appeal from the Order Dated October 11, 2023
In the Court of Common Pleas of Westmoreland County Orphans' Court
at No(s):  CP-65-OC-0000031-2022

BEFORE:   KUNSELMAN, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:                    **FILED: June 20, 2024**

R.G. (Father) appeals from the order issued by the Westmoreland County Orphans' Court, which granted the petitions filed by the Westmoreland County Children's Bureau (the Agency) and involuntarily terminated Father's rights to his 6-year-old daughter A.F.-M.G. (the Child), pursuant to 23 Pa.C.S.A. § 2511(a)(2), (a)(5), (a)(8), (b).  After review, we affirm.[1]

The Agency became involved with the family in 2021.  In March 2021, Mother went to jail for a few days, and the Children were cared for by a family friend.  Upon her release, Mother did not contact the friend to regain custody.

---

[*] Former Justice specially assigned to the Superior Court.

[1] The orphans' court also terminated the rights of T.M.S. (Mother).  Her case is separately listed before this Panel.  **See** 1356 WDA 2023.  We further note that the court also terminated Mother's rights as to Child's siblings (8-year-old brother, T.A.T.S., and 17-year-old sister, J.M.S.).  R.G. is not the father of these siblings; their fathers' rights were also terminated, but they did not appeal.  **See** 1354 WDA 2023; **see also** 1355 WDA 2023.

The family friend could not care for the Children for an extended period, so she contacted the Agency. Meanwhile, the Child was in Father's care for a short time, until Father overdosed in April 2021. The Agency filed a dependency petition, and the Child was ultimately adjudicated dependent on August 25, 2021.

To aid reunification, the juvenile court ordered Father: to obtain and maintain stable and appropriate housing and income; to obtain a mental health evaluation and follow all treatment recommendations until successful discharge; to undergo a drug and alcohol evaluation and follow treatment recommendations; to follow all probation requirements; submit to random drug screens; and to undergo a parenting assessment and comply with any parenting recommendations.

In October 2021, the juvenile court held a permanency review hearing. The court found that Father had been moderately compliant. He had visited the Child and received parenting instruction twice per week. Father secured housing, albeit without confirmation that the home was suitable for the Child. Father had tested negative on the prior two drug screens; however, Father had a pending criminal matter in the neighboring Armstrong County.

By the following permanency review hearing, in April 2022, Father was only minimally compliant with his reunification plan due to his incarceration. He was released from prison by the September 2022 permanency review hearing. The visits with the Child had resumed and Father had demonstrated

appropriate parenting skills. Although Father lost his housing, he remained employed.

Father did not appear for the March 2023 permanency review hearing. The court determined he was minimally compliant. The court learned Father had gone to prison in November 2022, but he was currently at a rehabilitation facility. He had only one in-person visit (and one virtual visit) with the Child during this timeframe. Due to his incarceration, Father could not participate in the Agency's services. Thereafter, Father had difficulty remaining sober. He continued to test positive for illicit drugs. He did not undergo a mental health evaluation. He had not given the Agency proof of housing or employment. And, after being incarcerated again in July 2023, he had not had visits with the Child.

Meanwhile, the Agency had petitioned to terminate Father's rights in May 2022. After several continuances, the orphans' court conducted termination proceedings over the course of four dates: April 27; May 15; September 8; and September 21, 2023. Ultimately, the orphans' court terminated his rights pursuant to 23 Pa.C.S.A. § 2511(a)(2), (a)(5), (a)(8) and (b).[2]

---

[2] The Children were represented by counsel pursuant to 23 Pa.C.S.A. § 2313(a) in addition to their appointed guardian *ad litem.*

Counsel noted that A.F.-M.G., age 6, refused to communicate with him, and thus Counsel could not offer a position. Father does not challenge the adequacy of the Child's representation.

Father timely filed this appeal. He presents three issues for our review, all concerning the orphans' court's decision under Section 2511(a):

1. Did the trial court err when it terminated the parental rights of the Father pursuant to 23 Pa.C.S.A. § 2511(a)(2) when it made a finding that the Agency presented clear and convincing evidence?

2. Did the trial court err when it terminated the parental rights of the Father pursuant to 23 Pa.C.S.A. § 2511(a)(5) when it made a finding that the Agency presented clear and convincing evidence?

3. Did the trial court err when it terminated the parental rights of the Father pursuant to 23 Pa.C.S.A. § 2511(a)(8) when it made a finding that the Agency presented clear and convincing evidence?

Father's Brief at 6 (style adjusted).

We begin with our well-settled standard of review:

The standard of review in termination of parental rights cases requires appellate courts to accept the findings of fact and credibility determinations of the trial court if they are supported by the record. If the factual findings are supported, appellate courts review to determine if the trial court made an error of law or abused its discretion. A decision may be reversed for an abuse of discretion only upon demonstration of manifest unreasonableness, partiality, prejudice, bias, or ill-will. The trial court's decision, however, should not be reversed merely because the record would support a different result. We have previously emphasized our deference to trial courts that often have first-hand observations of the parties spanning multiple hearings.

*In re T.S.M.*, 71 A.3d 251, 267 (Pa. 2013) (citations and quotation marks omitted).

Our Supreme Court has repeatedly stated that in termination cases, deference to the trial court is particularly crucial. *In re Adoption of L.A.K.*, 265 A.3d 580, 597 (Pa. 2021); *see also Interest of S.K.L.R.*, 256 A.3d 1108, 1124 (Pa. 2021) ("When a trial court makes a 'close call' in a fact-intensive case involving…the termination of parental rights, the appellate court should review the record for an abuse of discretion and for whether evidence supports the trial court's conclusions; the appellate court should not search the record for contrary conclusions or substitute its judgment for that of the trial court."). The abuse-of-discretion standard in termination cases "is a highly deferential standard and, to the extent that the record supports the court's decision, we must affirm even though evidence exists that would also support a contrary determination." *In re P.Z.*, 113 A.3d 840, 849 (Pa. Super. 2015) (citation omitted); *see also T.S.M.*, 71 A.3d at 267.

Clear and convincing evidence is evidence that is so "clear, direct, weighty and convincing as to enable the trier of fact to come to a clear conviction, without hesitance, of the truth of the precise facts in issue." *In re C.S.*, 761 A.2d 1197, 1201 (Pa. Super. 2000) (*en banc*) (quoting *Matter of Adoption Charles E.D.M., II*, 708 A.2d 88, 91 (Pa. 1998)).

Termination of parental rights is governed by Section 2511 of the Adoption Act, which requires a bifurcated analysis.

> Initially, the focus is on the conduct of the parent. The party seeking termination must prove by clear and convincing evidence that the parent's conduct satisfies the statutory grounds for termination delineated in section 2511(a). Only if the court determines that the parent's conduct warrants

- 5 -

termination of his or her parental rights does the court engage in the second part of the analysis pursuant to section 2511(b): determination of the needs and welfare of the child[.]

***In re C.M.K.***, 203 A.3d 258, 261-62 (Pa. Super. 2019) (citation omitted); ***see also Int. of M.E.***, 283 A.3d 820, 830 (Pa. Super. 2022).

Instantly, the orphans' court terminated Father's rights under 23 Pa.C.S.A. § 2511(a)(2), (a)(5), (a)(8) and (b). Father does not contest the court's decision as to Section 2511(b). As we may affirm under any ground under Section 2511(a), we review the court's decision as to Section 2511(a)(2), which corresponds with Father's first appellate issue. That subsection provides:

> **(a) General rule.--**The rights of a parent in regard to a child may be terminated after a petition filed on any of the following grounds:
>
> […]
>
> (2) The repeated and continued incapacity, abuse, neglect or refusal of the parent has caused the child to be without essential parental care, control or subsistence necessary for his physical or mental well-being and the conditions and causes of the incapacity, abuse, neglect or refusal cannot or will not be remedied by the parent.

23 Pa.C.S.A. § 2511(a)(2).

In order to satisfy Section 2511(a)(2), the petitioning party must establish: "(1) repeated and continued incapacity, abuse, neglect or refusal; (2) that such incapacity, abuse, neglect or refusal caused the child to be without essential parental care, control or subsistence; and (3) that the causes

of the incapacity, abuse, neglect or refusal cannot or will not be remedied." ***In re Adoption of A.H.***, 247 A.3d 439, 443 (Pa. Super. 2021). Moreover, grounds for termination under Section 2511(a)(2) "are not limited to affirmative misconduct, but concern parental incapacity that cannot be remedied." ***Id.*** (citing ***In re Z.P.***, 994 A.2d 1108, 1118 (Pa. Super. 2010)). On this point, we emphasize that "[p]arents are required to make diligent efforts toward the reasonably prompt assumption of full parental duties." ***Id***.

On appeal, Father concedes that his addiction has caused the Child to be without parental care. However, he argues that that the Agency failed to prove he could not (or would not) remedy the causes of his parental incapacity. For support, Father cites his positive interactions with the Child and his willingness to acknowledge his shortcomings. He explained that he has maintained employment with a construction company throughout the dependency proceedings. Father argues that, to the extent this case turned on the mental health component of his reunification plan, he only suffers from mild anxiety. Finally, Father contends that he is involved in drug and alcohol treatment. ***See*** Father's Brief at 17.

Father's rationale, as an appellate argument, is unpersuasive given our standard of review, which does not permit us to substitute our judgment for that of the orphans' court. A record will often support a different result, but it is not our role to search the record for contrary conclusions; rather we merely review the record to see if the evidence supports the court's conclusions. ***See S.K.L.R.*** 256 A.3d at 1124.

- 7 -

Upon such a review, we conclude that the record supports the orphans' court's decision. Father demonstrated appropriate behavior with the Child. He maintains that he has always been able to keep his employment, and that his mental health is a non-issue. Even if true, Father cannot account for his continued insobriety. Throughout the entirety of this case, Father regularly tested positive for illicit substances, which often resulted in parole violations and then further incarceration. The Agency had difficulty arranging for visits, either because of the prison's COVID restrictions or because Father was often transferred to different state correctional institutions. Father admitted that he had continued to abuse drugs as late as the summer of 2023, while the termination proceedings were pending.

It is clear then, that the orphans' court did not abuse its discretion when it determined that Father would not, or could not, remedy the cause of his parental incapacity under Section 2511(a)(2). Father's first appellate issue is without merit. Given our conclusion that termination was proper under 23 Pa.C.S.A. § 2511(a)(2), we need not address Father's second and third appellate issues, pertaining to subsections (a)(5) and (a)(8).

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

6/20/2024